IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| QUAUNTEL SAUNDERS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| v. | )    **Civil Action No. 5:21-00080** |
| | ) |
| SCOTTY MOORE, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 1, 2021, Plaintiff, acting *pro se*, filed his Applications to Proceed Without Prepayment of Fess or Costs and his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Scotty Moore, Hearing Officer; (2) Michael Francis, Warden; (3) Captain Athy; and (4) Captain Warden. (Document No. 2.) Plaintiff alleges that while he was incarcerated at the Southern Regional Jail ("SRJ"), an incident occurred resulting in Plaintiff's placement in administrative segregation. (Id., p. 6.) Plaintiff states that he was held in administrative segregation for several days "before [he] was brought a disciplinary report that said [Plaintiff] was found guilty" of assault and obstruction. (Id.) Plaintiff contends that Hearing Officer Scotty Moore failed to provide Plaintiff with a disciplinary hearing or the opportunity to present evidence or witnesses in his defense. (Id.) Plaintiff argues that the foregoing violated his due process rights. (Id.) Plaintiff alleges that he inquired of Hearing Officer Moore as to how Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

was found guilty when Plaintiff "never had a hearing to call witnesses or to be heard." (Id.) Plaintiff acknowledges that the Hearing Officer Moore advised him that he had a certain number of days to appeal the decision to Warden Francis. (Id.) Although Plaintiff states that he filed an appeal with Warden Francis, Plaintiff complains that he never received a response from Warden Francis concerning the appeal. (Id.) Next, Plaintiff complains that his placement in administrative segregation resulted in "a harsh condition." (Id., p. 7.) Plaintiff states that for a 30-day period, he was subjected to the following conditions: the lights stayed on 24 hours; he was only allowed to shower six times; there was no running water in his cell; the cell window leaked water; he "wasn't allowed a mat from 6 a.m. till 11 p.m.;" his "food tray and milk got slid on the ground under the door;" and no recreation, law library, telephone, or commissary privileges. (Id., pp. 7 - 8.) Finally, Plaintiff complains that his disciplinary conviction resulted in him being transferred to a high security level prison and "prolonged [Plaintiff's] sentence because [he] was denied parole." (Id.) Plaintiff requests declaratory and injunctive relief, the expungement of the disciplinary conviction, and monetary damages. (Id., p. 10.)

By Proposed Findings and Recommendation entered on February 8, 2021, the undersigned recommended that Plaintiff's Complaint be dismissed for failure to state a claim. (Document No. 8.) On February 26, 2021, Plaintiff filed his Motion to Amend and his Proposed Amended Complaint. (Document Nos. 12 and 12-1.) In his Proposed Amended Complaint, Plaintiff largely reasserts the same allegations asserted in his initial Complaint. (Document No. 12-1.) Plaintiff again names the following as Defendants: (1) Scotty Moore, Hearing Officer; (2) Michael Francis, Warden; (3) Captain Athy; and (4) Captain Warden. (Document No. 12-1.) Plaintiff complains that while he was incarcerated at SRJ, he was placed in segregation on January 27, 2020, pending a disciplinary hearing. (Id., p. 2.) Plaintiff explains that he was initially placed in A-1, Cell 5. (Id.)

2

Plaintiff complains that this cell was "overcrowded" because there were three inmates in a two-person cell. (Id.) Plaintiff states that this caused a "physical confrontation to occur as there was not space enough in the cell for 3 people to sleep." (Id.) Plaintiff acknowledges that he was then moved to A1, Cell 8, where he had another physical confrontation with his cellmate. (Id.) Following the altercation, Plaintiff was moved to A1, Cell 6. (Id.) Plaintiff complains that Cell 6 had no running water and he was denied drinking water "for weeks." (Id.) Plaintiff again states that for a 30-day period, he was subjected to the following conditions: he was not allowed a mat from 6:00 a.m. to 11 p.m.; the lights stayed on constantly making it difficult to sleep; his window leaked allowing his cell floor to flood; his food tray and milk got slid under the cell door and on the ground; and no recreation, law library, telephone, or commissary privileges. (Id., pp. 2 – 3.) Plaintiff contends that he was "deprived of life's bare necessities being water and given food which was regularly contaminated with feces." (Id., p. 4.) Next, Plaintiff alleges that his due process rights were violated during his disciplinary hearing, resulting in an invalid conviction. (Id., pp. 3 – 4.) Plaintiff complains that he was found guilty of assault and obstruction, but he was not "allowed a hearing or proper procedures and yet punished." (Id.) Plaintiff states that he was placed in punitive segregation for 30-days. (Id.) Plaintiff further contends that he was not allowed to appeal his disciplinary infraction through the administrative process. (Id.) Plaintiff requests declaratory and injunctive relief, the expungement of the disciplinary conviction, and monetary damages. (Id.)

By Order entered on May 24, 2021, United States District Judge Frank W. Volk recommitted this matter to the undersigned for consideration of Plaintiff's Motion to Amend. (Document No. 14.) By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Amend.

3

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction,

however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the

Constitution or laws of the United States.

A.     **Administrative Remedy Process:**

To the extent Plaintiff is alleging that Defendants violated his constitutional rights by rendering the administrative remedy process unavailable by failing to respond to his administrative appeal, Plaintiff's claim is without merit. (Document Nos. 2 and 12-1.) Inmates have no constitutional right to access or participation in the administrative grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1994)("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. South Carolina Dept. of Corrections, 855 F.3d 533 (4th Cir. 2017)("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure."); Taylor v. Lang, 483 Fed.Appx. 855, 858 (4th Cir. 2012)(finding that a state inmate's access and participation in the prisoner's grievance process are not constitutionally protected); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)("[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") A prison employee's refusal to respond to an inmate's administrative complaint, or conduct that otherwise prevents an inmate from pursuing such complaints through the administrative remedy process, making the process unavailable, is not actionable under Section 1983. Rather, the legal consequence of conduct which makes the administrative remedy process unavailable to inmates is that the door to federal Court is open to proceedings on the merits of their claims without requiring their exhaustion of administrative

6

remedies. Accordingly, the undersigned finds that Plaintiff's claim that Defendants violated his constitutional rights by rendering the administrative remedy process unavailable should be dismissed for failure to state claim.

**B.      Due Process Claim Concerning Placement in Administrative Segregation:**

In his Complaint and Amended Complaint, Plaintiff alleges that Defendants violated his due process rights by holding him in segregation. (Document Nos. 2 and 12-1.) Although the Fourteenth Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for the period of incarceration. See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction and imprisonment implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979)(quoting Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that in order to show the deprivation of a liberty interest protected by the Due Process

Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Id., 515 U.S. at 484, 115 S.Ct. at 2300 (citations omitted). Absent allegations indicating that there has been a restraint upon the inmate's freedom which imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the inmate's claims have no merit. Id.

Applying the principles set forth in Sandin, the undersigned finds that Plaintiff's placement in segregation is neither a condition which exceeded his original sentence in an unexpected manner nor creates an atypical or significant hardship in relation to the ordinary incidents of prison life. The undersigned notes that there is no allegation or indication that Plaintiff's confinement in segregation exceed his original sentence of incarceration in such an unexpected manner as to give rise to a due process violation. Plaintiff, however, alleges that the restrictive conditions of segregation were atypical and created a significant hardship. Specifically, Plaintiff complains that he was subjected to the following conditions for approximately 30 days: the lights stayed on 24 hours; he was only allowed to shower six times; there was no running water in his cell; the cell window leaked water; he "wasn't allowed a mat from 6 a.m. till 11 p.m.; his "food tray and milk got slid on the ground under the door;" and no recreation, law library, telephone, or commissary privileges. The undersigned finds that the foregoing conditions did not create an atypical or significant hardship in relation to the ordinary incidents of prison life.[2] Administrative segregation,

---

[2] In *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997), the Fourth Circuit determined that the following conditions in administrative segregation did not implicate Plaintiffs' liberty interest:
> ...cells were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above. And,

8

in and of itself, does not deprive an inmate of a liberty interest or create an atypical hardship. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Furthermore, the Due Process Clause does not give an inmate a liberty interest in a certain prison classification. See Hewitt v. Helms, 459 U.S. 460, 477 n. 9, 103 S.Ct. 864, 874 n. 9, 74 L.Ed.2d 675 (1983)(stating that the "transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), citing Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)(the federal Constitution "vests no liberty interest in inmates in retaining or receiving any particular security or custody status as long as challenged conditions or degree of confinement is within sentence imposed and is not otherwise violative of Constitution"); Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978)(holding that federal due process constraints are not implicated because the classification of a State prison inmate is a matter of State prison officials' discretion); and Meachum v. Farno, 427 U.S. 215, 225 (1976)(stating that the transfer of an inmate to a higher security facility does not violate a liberty interest). Thus, Plaintiff's claim of a liberty interest in remaining free from segregation or in the fact of his confinement in segregation is without merit. To the extent Plaintiff complains that Defendants misapplied their own polices, practices, and customs concerning disciplinary proceedings and administrative segregation,

---

[the inmates] assert, they were forced to use their clothing and shampoo to clean the cells. In addition, Inmates maintain that their cells were unbearably hot and that the food they received was cold. Furthermore, Van Aelst submitted an affidavit indicating that those assigned to administrative segregation did not receive clean clothing, linen, or bedding as often as required by the regulations governing administrative segregation; that they were permitted to leave their cells three to four times per week, rather than seven, and that no outside recreation was permitted; that there were no educational or religious services available; and that food was served in considerably smaller portions.

Plaintiff's claim must fail because due process is not implicated where there is no liberty interest. See Donohue v. Diggs, 2011 WL 795889, at * 3 (W.D.Va. March 1, 2011)("Moreover, a state's failure to abide by its own procedural regulation is not a federal due process issue and is, therefore, not actionable under § 1983")(internal citation omitted); Petway v. Lappin, 2008 WL 629998 (N.D.W.Va. Mar. 5, 2008)(finding that plaintiff's "due process complaints concerning either the misapplication of policy and procedures, or a lack of official rules and regulations, must fail" because the inmate had no protected liberty interest in avoiding segregated confinement"); also see Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005)("We need reach the question of what process is due only if the inmate establishes a constitutionally protected liberty interest"). Accordingly, the undersigned respectfully recommends that the foregoing claim be dismissed for failure to state a cognizable claim.

C. **Eighth Amendment:**

As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v.

Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege [1] a serious or significant physical or emotional injury resulting from the challenged conditions or [2]

11

demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979.

The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent . . . conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. 2392; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990); also see Alberti v. Klevenhagen, 790 F.2d 1220, 1228 (5th Cir. 1986)(the Eighth Amendment does not require "the provision of every amenity needed to avoid mental, physical, and emotional deterioration"). As stated above, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish, 573 F.2d at 125. In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when

each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." In the instant case, Plaintiff contends that he was subjected to cruel and unusual conditions of confinement when he was subjected to segregation at SRJ. Taking Plaintiff's factual allegations as true, Plaintiff states that he was held in segregation for approximately 30 days. (Document Nos. 2 and 12-1.) During this period, Plaintiff complains that the lights stayed on 24 hours, he was only allowed to shower six times, there was no running water in his cell, the cell window leaked water, he "wasn't allowed a mat from 6 a.m. till 11 p.m.," and no recreation, law library, telephone, or commissary privileges. (Id.) The undersigned finds that the foregoing conditions are insufficient to state a constitutional violation. See Murry v. Edwards County Sheriff's Dep't., 248 Fed.Appx. 993, 998 - 99 (10th Cir. Oct. 1, 2007)(finding that occasional disturbance of sleep by continual lighting, leading sometimes to mild physical symptoms, was not sufficiently serious to result in an Eighth Amendment violation); Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."); Hunnewell v. Warden, 19 F.3d 7 (1st Cir. 1994)(*unpublished decision*)(holding that inmate's claim that "cell lights are on during the night making it difficult to sleep" and "the ventilation system blows dust and fibers into his cell causing him to have headaches and bloody noses" was insufficient to state a claim under the Eighth Amendment); McCray v. Burrell, 516 F.2d 347, 367-69 (4th Cir. 1975)(finding an Eighth Amendment violation where an inmate was solitarily confined for 46 hours in a cold cell with no clothing or blankets, no running water or personal hygiene items, and a toilet which consisted of a hole in the floor); Johnson v. Fields, 2017 WL 5505991, * 10 (W.D.N.C. Nov. 16, 2017)("Plaintiff's claim that he was denied

13

a shower and clean clothes for twelve days is insufficient as a matter of law to maintain an Eighth Amendment claim."); Walker v. Dart, 2010 WL 669448, * 4 (N.D.Ill. Feb. 19, 2010)("Being denied clean clothes for two weeks, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim)(collecting cases); DeLoach v. South Carolina Dept. of Corr., 2009 WL 1651452, * 3 – 4 (D.S.C. June 11, 2009), aff'd., 355 Fed.Appx. 681 (4th Cir. 2009)(denial of a clean jumpsuit and hygiene packet for a thirty day period did not constitute a denial of a 'basic need'); Ajaj v. United States, 479 F.Supp.2d 501, 547-48 (D.S.C. March 19, 2007)(finding inmate failed to state an Eighth Amendment claim where he complained he did not have a mattress for a number of days); Williams v. Anderson, 2006 WL 709209, * 13 (S.D.W.Va. March 16, 2006)(finding segregated inmate's inability to "exercise, keep personal hygiene items, change clothes or shower, take part in academic and religious programs or telephone family members" did not violate the Eighth Amendment); Spivey v. Doria, 1994 WL 97756, * 11 (N.D.Ill. March 24, 1994)(finding no constitutional violation where inmate alleged that the noise level caused him to lose sleep and made him irritable; reasoning that "federal courts are not the forums to determine proper lighting and noise levels in jails"); Hutching v. Corum, 501 F.Supp. 1276, 1293(D.Mo. June 27, 1980)(finding no constitutional violation despite all-night illumination and high noise levels at night, where inmates failed to allege "evidence indicating that the inmates are unable to sleep at all or that they have developed psychological or physiological problems). The conditions of confinement complained of by Plaintiff amounts to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Based on the foregoing, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted.

In his Amended Complaint, Plaintiff further alleges that he was denied adequate food and

drinking water on a regular basis during his placement in segregation. (Document No. 12-1.) Plaintiff also indicates that he was subjected to physical attacks by his cellmates. The undersigned acknowledges that the foregoing appears to state a cognizable claim under the Eighth Amendment. Plaintiff, however, has asserted the exact same claims in Civil Action No. 5:21-00322. Civil Action No. 5:21-00322 is currently pending before the Court. Therefore, Plaintiff's Eighth Amendment claim that he was denied food, water, and protection from physical attack will addressed in Civil Action No. 5:21-00322.[2]

**D.     Challenge Concerning Plaintiff's Disciplinary Hearing:**

Plaintiff alleges that his due process rights were violated because he was improperly convicted during prison disciplinary proceedings of assault and obstruction. (Document Nos. 2 and 12-1.) Plaintiff alleges that Defendants failed to provide him with a hearing and the opportunity to present witnesses. (Id.) Plaintiff alleges that the foregoing resulted in an increase of the duration of his sentence because he was denied parole based upon the disciplinary conviction. (Id.)

In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or

---

[2] The undersigned notes that Plaintiff is a frequent filer having initiated at least ten actions with this Court. *See* Civil Actions Nos. 2:18-01514; 2:20-0220; 5:21-0080; 2:21-0102; 2:21-0157; 2:21-0250; 2:21-0261; 2:21-0286; 2:21-0299; and 5:21-00322. Since February 1, 2021, Plaintiff has filed eight of these ten actions.

15

>sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Poston v. Shappert, 222 Fed.Appx. 301 (4th Cir. 2007)(applying *Heck* rationale to bar claims for damages under Section 1983 and *Bivens*); Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was denied due process in connection with his prison disciplinary hearing, (2) that his contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there

has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint and Amended Complaint (Document Nos. 2 and 12-1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[3] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes he was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 12, 2021.



Omar J. Aboulhosn
United States Magistrate Judge